FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2012 AUG 14 P 1:58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

ALEJANDRO ABRAHAM LOPEZ, JR.,

    Plaintiff,

v.

TRANS UNION, LLC.

    SERVE:    Corporation Service Company, Registered Agent
                  Bank of America Center, 16th Floor
                  1111 East Main Street
                  Richmond, VA 23219

And                                                     Civil Action No: 1:12cv902-LO/JFA

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony, Registered Agent
                  Troutman Sanders, LLP
                  1001 Haxall Point
                  Richmond, VA 23219

and

EQUIFAX INFORMATION SERVICES, LLC.

    SERVE:    Corporation Service Company, Registered Agent
                  Bank of America Center, 16th Floor
                  1111 East Main Street
                  Richmond, VA 23219

and

SOUTHSTAR MORTGAGE, LLC,

    Serve:    Marcela E. Taborga, Registered Agent
                 700 N. Fairfax Street
                 Alexandria, Virginia 22314

and

**CORELOGIC CREDCO**

Serve:      Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

**GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P.,**

Serve: David L. Hilton, Registered Agent
8303 Arlington Boulevard, Suite #102
Fairfax, Virginia 22031

and

**KROLL FACTUAL DATA,**

Serve:      Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

**METLIFE HOME LOANS,** *a Division of Metlife Bank, N.A.*

Serve:      Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

**TOTAL CREDIT SERVICES,**

Serve:      Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

DISCOVER FINANCIAL SERVICES, INC.,

Serve: Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

FIA CARD SERVICES, N.A.,

Serve: Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

and

CAPITAL ONE, NATIONAL ASSOCIATION

Serve: Corporation Service Company, Registered Agent
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, Virginia 23219

and

CITIBANK, N.A.

Serve: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, VA 23060

and

FEDERAL HOME LOAN MORTGAGE CORPORATION,
(FREDDIE MAC),

Serve: Secretary of the Commonwealth
Service of Process Department
Post Office Box 2452
Richmond, Virginia 23218-2452

**and**

**BANK OF AMERICA NATIONAL ASSOCIATION,**

Serve:  CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060

**Defendants**

## COMPLAINT

COMES NOW the Plaintiff, **ALEJANDRO ABRAHAM LOPEZ, JR.**, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia and significant parts of the Plaintiff's claim occurred in Virginia.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

8. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, **SOUTHSTAR MORTGAGE, LLC.,** (*"Southstar"*), is a company authorized to do business in the State of Virginia through its registered offices in Alexandria, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

14. Upon information and belief, **CORELOGIC CREDCO** (*"Credco"*) is a foreign corporation with its principal place of business in Poway, California and which regularly conducts business in the State of Virginia as a reseller of consumer reports as governed by the FCRA.

15. Upon information and belief, **GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P.,** (*"Gateway"*), is a company authorized to do business in the State of Virginia through its registered offices in Fairfax, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

16. Upon information and belief, **KROLL FACTUAL DATA** (*"Kroll"*) is a foreign corporation with its principal place of business in Loveland, Colorado and which regularly conducts business in the State of Virginia as a reseller of consumer reports as governed by the FCRA.

17. Upon information and belief, **METLIFE HOME LOANS, a division of Met Life Bank, N.A.,** (*"Metlife"*), is a company authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

18. Upon information and belief, **TOTAL CREDIT SERVICES** (*"Total Credit Services"*) is a foreign corporation with its principal place of business in Irving, Texas and which regularly conducts business in the State of Virginia as a reseller of consumer reports as governed by the FCRA.

19. Upon information and belief, **DISCOVER FINANCIAL SERVICES, INC.** (*"Discover"*) is a foreign corporation with its principal place of business in Riverwoods, Illinois and which regularly conducts business in the State of Virginia as a credit lender and "furnisher" as governed by the FCRA.

20. Upon information and belief, **FIA CARD SERVICES, N.A.** (*"FIA"*) is a chartered national bank that is chartered to do business throughout the United States, having a business address at 1100 N. King St., Wilmington, DE 19801. Upon information and belief, FIA is an indirect, wholly owned subsidiary of Bank of America (through NB Holdings Corp.) and conducts many of its operations under the Bank of America name. *FIA* regularly conducts business in the State of Virginia as a credit lender and "furnisher" as governed by the FCRA.

21. Upon information and belief, **CAPITAL ONE NATIONAL ASSOCIATION,** (*"Capital One"*), is a company authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

22. Upon information and belief, **CITIBANK, N.A.** (*"Citibank"*) is a corporation authorized to do business in the State of Virginia through its registered offices in Glenn Allen, Virginia as a credit lender and "furnisher" as governed by the FCRA. Upon information and belief, *Citibank* is the servicer of credit accounts associated with Sears, The Home Depot and Citi Cards.

23. Upon information and belief, **FEDERAL HOME LOAN MORTGAGE CORPORATION,** *("Fannie Mae"),* is a government sponsored entity authorized to do business in the State of Virginia as a credit lender and "furnisher" as governed by the FCRA.

24. Upon information and belief, **BANK OF AMERICA NATIONAL ASSOCIATION,** ("*Bank of America*"), is a company authorized to do business in the State of Virginia through its registered offices in Glen Allen, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

## FACTS

25. On or about July 20, 2010 Plaintiff obtained a copy of his *Trans Union* Consumer Disclosure. Upon his review, Plaintiff discovered that *Trans Union* was reporting 25 credit accounts that did not belong to him. In addition *Trans Union* was reporting inaccurate personal identifying information that did not belong to the Plaintiff.

26. Plaintiff disputed the inaccurate identifying information and credit accounts with *Trans Union* and advised that the accounts did not belonging to him. Upon receipt of the Trans Union Investigation Report dated August 12, 2010, Plaintiff was shocked to learn that after the investigation, one of the disputed accounts, *Metlife,* had been "verified" by the creditor as belonging to him and would remain on his credit report. This verification was inaccurate, as Plaintiff had never opened the reported credit account with *Metlife*.

27. Plaintiff made a second dispute to *Trans Union* regarding the *Metlife* credit account. On or about September 3, 2010 *Trans Union* forwarded its Investigation Results to the Plaintiff that advised that the *Metlife* account had now been deleted as a result of his second dispute.

28. In January 2012, Plaintiff made application to refinance his mortgage loan as a result of the low interest rates available.

29. During the refinancing process, Plaintiff received and reviewed copies of his credit reports with *Trans Union, Experian* and *Equifax* and learned that each, within the past two years, had provided his credit reports, without a permissible purpose to multiple entities. Plaintiff also learned that *Trans Union* was reporting three more credit accounts that did not belong to him (*Wells Fargo Home Mortgage, Capital One and Citicards CBNA*).

30. In January, 2012, Plaintiff discovered that *Trans Union* had furnished his consumer reports to *Metlife, Total Credit Services, Southstar, Credco, Gateway, Kroll, Citibank(SEARS/CBNA and THE HOME DEPOT-CITI NA), Fannie Mae, Capital One, FIA,* and *Discover. ("Impermissible Users")*.

31. In January, 2012, Plaintiff discovered that *Experian* had furnished his consumer reports to *Citibank(Citi Cards)* and *Bank of America ("Impermissible Users")*.

32. In January 2012, Plaintiff discovered that *Equifax* had furnished his consumer reports to *Kroll, Capital One* and *Citibank(SEARS/CBSD). ("Impermissible Users")*.

33. The *Impermissible Users* did not have a lawful purpose to obtain and use the Plaintiff's credit reports.

34. These Reportings were false. The Plaintiff never signed any application for credit for any of the disputed credit accounts and was never legally responsible for the repayment of these accounts. Further, the Plaintiff never authorized the above entities to receive his credit reports.

35. On or about June 7, 2012 Plaintiff forwarded his written dispute to *Trans Union* and advised that the credit accounts did not belong to him. On or about June 29, 2012 *Trans*

*Union* forwarded its Investigation Results that advised that all of the disputed accounts had been deleted.

36. Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the accounts from the Plaintiff's credit file.

37. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

38. On numerous occasions, Defendants *Trans Union*, *Experian* and *Equifax* furnished the Plaintiff's consumer reports to multiple entities without permissible purpose and without reasonable procedures to obtain verification that these entities had a permissible purpose to obtain the Plaintiff's consumer report.

### COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681b(f)
### (*Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae and Bank of America*)

39. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 38 above as if fully set out herein.

40. Defendants, *Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae, and Bank of America*, each violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

41. As a result of *Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae, and Bank of America*'s conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only

and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

42. Defendants, *Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae, and Bank of America*'s conduct, actions and inaction were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees, individually from each of the Defendants, *Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae, and Bank of America* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681b
### (*Trans Union, Experian and Equifax*)

44. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 43 above as if fully set out herein.

45. Defendants, *Trans Union, Experian* and *Equifax* violated the FCRA, 15 U.S.C. §1681b by providing the Plaintiff's consumer reports without a permissible purpose to do so.

46. As a result of *Trans Union, Experian* and *Equifax* 's conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. *Trans Union, Experian* and *Equifax* 's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Experian* and *Equifax* each in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(a)
### (*Trans Union, Experian and Equifax*)

49. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 48 above as if fully set out herein.

50. Defendants, *Trans Union, Experian* and *Equifax* each violated the FCRA, 15 U.S.C. §1681e(a) by providing the Plaintiff's consumer reports without reasonable procedures to assure the proper use of and lawful purpose for such reports.

51. As a result of *Trans Union, Experian* and *Equifax* 's conduct, actions and inaction, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

52. *Trans Union, Experian* and *Equifax* 's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Trans Union, Experian* and *Equifax* each in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACTS
### 15 U.S.C. §1681e(b)
*(Trans Union, Experian and Equifax)*

54.     The Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55.     Defendants, *Trans Union, Experian* and *Equifax* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

56.     As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

57.     *Trans Union, Experian* and *Equifax*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Trans Union, Experian* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants individually, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(1)
### (*Trans Union, Experian and Equifax*)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. Defendants, *Trans Union, Experian* and *Equifax* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

61. As a result of the conduct, actions and inactions of Defendants, *Trans Union, Experian* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

62. Defendants, *Trans Union, Experian* and *Equifax* 's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Trans Union, Experian* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Trans Union, Experian* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(2)
### (*Trans Union, Experian and Equifax*)

64. Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65. Defendants, *Trans Union, Experian* and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to the furnishers all relevant information regarding the Plaintiff's dispute.

66. As a result of the conduct, actions and inactions of Defendants, *Trans Union, Experian* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

67. Defendants, *Trans Union, Experian* and *Equifax*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Trans Union, Experian* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Trans Union, Experian* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(4)
### (*Trans Union, Experian and Equifax*)

69. Plaintiff realleges and incorporates paragraphs 1 through 68 above as if fully set out herein.

70. Defendants, *Trans Union, Experian* and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

71. As a result of the conduct, actions and inactions of Defendants, *Trans Union, Experian* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

72. Defendants, *Trans Union, Experian* and *Equifax* 's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Trans Union, Experian* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Trans Union, Experian* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(5)(A)**
*(Trans Union, Experian and Equifax)*

74. Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

75. Defendants, *Trans Union, Experian* and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

76. As a result of the conduct, actions and inactions of Defendants, *Trans Union, Experian* and *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

77. Defendants, *Trans Union, Experian* and *Equifax* 's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Trans Union, Experian* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

78. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Trans Union, Experian* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

ALEJANDRO ABRAHAM LOPEZ, JR.,

By _____
Of Counsel

Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan Rotkis, Esq. VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 - Telephone
(703) 591-9285 - Facsimile
E-mail:  kkelly@siplfirm.com

*Attorneys for Plaintiff*