IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ALEJANDRO ABRAHAM LOPEZ, JR. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cv-902-LO-JFA |
| TRANS UNION, LLC *et al.*, | ) |
| Defendants. | ) |

## ANSWER

Defendant MetLife Home Loans, a division of MetLife Bank, N.A. ("MetLife Bank"), by counsel, answers Plaintiff's Complaint as follows:

1. In response to paragraph 1, MetLife Bank admits that Plaintiff purports to allege claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. MetLife Bank denies that it has violated the FCRA and denies any remaining allegations in paragraph 1.

### JURISDICTION

2. The allegations in paragraph 2 are legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

### PARTIES

3. Admitted.

4. MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore denies the same.

5. The allegations in paragraph 5 are legal conclusions, to which no response is required. To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the

same.

6.-7. MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 6 and 7, and therefore denies the same.

8. The allegations in paragraph 8 are legal conclusions, to which no response is required. To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

9.-10. MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 9 and 10, and therefore denies the same.

11. The allegations in paragraph 11 are legal conclusions, to which no response is required. To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

12.-16. MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 12 through 16, and therefore denies the same.

17. MetLife Bank admits that it is a national bank chartered and regulated by the Office of the Comptroller of the Currency, with its headquarters located in Convent Station, New Jersey. MetLife Bank admits that it is authorized to do business in Virginia. The remaining allegations in paragraph 17 are legal conclusions, to which no response is required. To the extent that a response is required, MetLife Bank denies the same.

18.-24. MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 18 through 24, and therefore denies the same.

**FACTS**

25.-35.   MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 25 through 35, and therefore denies the same.

36.   Denied.

37.   Denied.

38.   MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies the same.

**COUNT ONE — VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(f)**
**(Southstar, Credco, Gateway, Kroll, Metlife, Total Credit Services, Discover, FIA, Capital One, Citibank, Fannie Mae and Bank of America)**

39.   MetLife Bank incorporates by reference its responses to the allegations in paragraphs 1 through 38 above as if fully set forth herein.

40.-43.   Denied.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681b**
**(Trans Union, Experian and Equifax)**

44.-48.   The allegations in paragraphs 44 through 48 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(a)**
**(Trans Union, Experian and Equifax)**

49.-53.   The allegations in paragraphs 49 through 53 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the

allegations, and therefore denies the same.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (Trans Union, Experian and Equifax)

54.-58.  The allegations in paragraphs 54 through 58 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (Trans Union, Experian and Equifax)

59.-63.  The allegations in paragraphs 59 through 63 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)
### (Trans Union, Experian and Equifax)

64.-68.  The allegations in paragraphs 64 through 68 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### (Trans Union, Experian and Equifax)

69.-73.  The allegations in paragraphs 69 through 73 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife

Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### (Trans Union, Experian and Equifax)

74.-78.   The allegations in paragraphs 74 through 78 are not directed to MetLife Bank, and therefore no response is required.  To the extent that a response is required, MetLife Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the same.

All allegations in the Complaint not expressly admitted herein are denied.

MetLife Bank denies that Plaintiff is entitled to the relief sought in the Complaint.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. MetLife Bank denies that it violated any provision of the Fair Credit Reporting Act as alleged in the Complaint.

3. Plaintiff's claim may be barred by the applicable statute of limitations.

4. Plaintiff has failed to mitigate his damages, if any, in the manner and to the extent required by law.

5. Plaintiff's damages, if any, resulted from the acts or omissions of others, for whose conduct MetLife Bank is not responsible.

6. Plaintiff's damages, if any, resulted from intervening and superseding causes unrelated to MetLife Bank.

7. MetLife Bank is entitled to a setoff, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same

alleged injuries. MetLife Bank also is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

8. Plaintiff's claim relating to an impermissible access of Plaintiff's credit report fails because MetLife Bank had a permissible purpose in accordance with the FCRA to access the subject credit report.

9. MetLife Bank intends to rely upon any and all other defenses, as may be developed through discovery and the evidence.

10. MetLife Bank reserves the right to alter, amend, or add to this Answer at any time prior to trial or during trial to conform the same to evidence produced in discovery or at trial.

WHEREFORE, having answered the allegations of the Complaint in full, MetLife Bank prays that the same be dismissed with prejudice, with an award of costs to MetLife Bank and such other and further relief as the Court deems appropriate.

Dated: October 19, 2012

Respectfully submitted,

METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.

By Counsel

_____/s/_____
J. Douglas Cuthbertson (VSB # 41378)
Counsel for MetLife Home Loans, a division of MetLife Bank, N.A.
LECLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5925 Direct
(703) 647-5975 Fax
douglas.cuthbertson@leclairryan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
david.anthony@troutmansanders.com

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
lenbennett@cox.net

Andrew Joseph Guzzo
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Second Floor
Fairfax, VA 22030
aguzzo@siplfirm.com

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
kkelly@siplfirm.com

Jeffery Thomas Martin, Jr.
Henry & O'Donnell PC
300 N. Washington Street
Suite 204
Alexandria, VA 22314
jtm@henrylaw.com

Daniel Duane Mauler
Redmon Peyton & Braswell LLP
510 King St
Suite 301
Alexandria, VA 22314
dmauler@rpb-law.com

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
jmontgomery@jwm-law.com

Anand Vijay Ramana
McGuireWoods LLP (DC)
2001 K Street NW
Suite 400
Washington, DC 20006-1040
aramana@mcguirewoods.com

Rebecca Signer Roche
Littler Mendelson PC (Tysons Blvd)
1650 Tysons Blvd
Suite 700
McLean, VA 22102
rroche@littler.com

Mark Edward Shaffer
Reed Smith LLP (Falls Church)
3110 Fairview Park Dr
Suite 1400
Falls Church, VA 22042
mshaffer@reedsmith.com

D. Margeaux Thomas
Miles & Stockbridge PC (McLean)
1751 Pinnacle Dr
Suite 500
Tysons Corner, VA 22102-3833
mthomas@milesstockbridge.com

Michael Robert Ward
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
mward@morrismorris.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

None

                                                /s/
J. Douglas Cuthbertson (VSB # 41378)
Counsel for MetLife Home Loans, a division of
MetLife Bank, N.A.
LECLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5925 Direct
(703) 647-5975 Fax
douglas.cuthbertson@leclairryan.com