UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEJANDRO ABRAHAM LOPEZ, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TRANS UNION, LLC, et. al., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:12-cv-00902 (LOG/JFA) |

## **FEDERAL HOME LOAN MORTGAGE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), requests, based on the following points and authorities, that the Court dismiss with prejudice all claims against Freddie Mac set forth in the Complaint of Plaintiff, Alejandro Abraham Lopez, Jr. ("Mr. Lopez" or "Plaintiff").

### I.  PRELIMINARY STATEMENT

Freddie Mac should be dismissed from this case as a matter of law because Plaintiff's allegations in the Complaint contain no reasonable basis in fact supporting any violation of the Fair Credit Reporting Act 15 U.S.C. §1681b(f). To allege a violation of Section 1681b(f), Plaintiff must allege that Freddie Mac used or obtained the consumer report for an improper purpose. Notably absent from the Complaint is any allegation of how or even when Freddie Mac purportedly obtained Plaintiff's credit report, much less any allegation of how the report was allegedly used improperly. Plaintiff fails to allege sufficient information for Freddie Mac to determine the basis for his claims, and he alleges no facts suggesting that Freddie Mac did

anything other than receive one or more credit report(s) allegedly furnished to Freddie Mac by one of the co-defendant reporting agencies.

Further, as a federally chartered government sponsored entity, Freddie Mac is immune to punitive damages claims. For these reasons, as more fully described below, the Court should dismiss Mr. Lopez's Complaint against Freddie Mac with prejudice and strike the claim for punitive damages with prejudice.

## II. BACKGROUND

Although Plaintiff's Complaint contains a variety of causes of action, the essence of Plaintiff's claim is that his credit report(s) contain reference to accounts which he contends do not belong to him. Compl. ¶¶ 25-38. The Complaint alleges that in January 2012, Mr. Lopez submitted an application to refinance his mortgage loan in an attempt to obtain a lower interest rate. *Id.* ¶ 28. During the refinancing process, Mr. Lopez received and reviewed copies of his credit reports from Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC. *Id.* ¶ 29. According to Mr. Lopez, this review disclosed that Trans Union had furnished his credit report to Fannie Mae[1] and several other entities. *Id.* ¶ 30.

---

[1] It is unclear from the Complaint whether Freddie Mac is a defendant in this action. The Complaint incorrectly refers to Federal Home Loan Mortgage Corporation as "Fannie Mae," which is a separate entity from Freddie Mac. Counsel for Freddie Mac informed Plaintiff's counsel of this mistake, but Plaintiff's counsel has not voluntarily amended the Complaint.

Based solely on these alleged "facts,"[2] Mr. Lopez alleges eight causes of actions against the various defendants for violations of FCRA, 15 U.S.C. § 1681, *et seq. See generally* Compl. There is only one count – Count I – which Mr. Lopez arguably alleges against Freddie Mac. In it, Mr. Lopez alleges that Freddie Mac violated FCRA by "obtaining and using" a copy of Mr. Lopez' credit report from Trans Union, LLC without his consent. Compl. ¶ 40. However, Mr. Lopez fails to allege any facts that could establish if, how, when, or why Freddie Mac requested or obtained a copy of Plaintiff's credit report from Trans Union or any other party. At best, according to Plaintiff's allegations, Freddie Mac passively received the credit report from Trans Union when Trans Union "furnished" it to Freddie Mac at an undetermined time. *Id.* ¶ 30. Nowhere does Mr. Lopez allege any facts suggesting that Freddie Mac did anything to violate any provision of FCRA.

## III. <u>LEGAL STANDARDS</u>

Under FRCP Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations marks omitted). While Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 555)).

A complaint cannot survive a motion to dismiss on FRCP Rule 12(b)(6) unless it alleges well-pled facts sufficient "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct.

---

[2] Mr. Lopez also alleges that he discovered that his credit reports contained inaccurate information concerning accounts that allegedly did not belong to him. Compl. ¶¶ 25-27; 35-38. Because these allegations do not pertain to Freddie Mac, they have been intentionally omitted from Freddie Mac's recitation of the relevant background facts.

at 1949. (Internal quotation marks omitted). Allegations merely consisting of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, Plaintiff must allege specific facts to support each of his claims that are "enough to raise a right to relief above the speculative level." *Id.*; *see also Schlegel v. Bank of America*, N.A., 505 F. Supp.2d 321, 327 (W.D. Va. 2007) (dismissing conspiracy claim that failed to allege facts that identified how defendants acted in concert or how their actions were improper). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

## IV. ARGUMENT

### A. Plaintiff's Lone Count Against Freddie Mac Should be Dismissed.

Mr. Lopez's lone count against Freddie Mac alleges that it violated 15 U.S.C. §1681b(f) by obtaining and using his credit report without a permissible purpose. Complaint ¶ 40. Plaintiff's 1681b(f) claim requires a showing that Freddie Mac 'willfully' or 'negligently' violated the FCRA. *See Cappetta v. GC Services, Ltd. Partnership*, 654 F.Supp.2d 453, 461 (E.D. Va. 2009). Plaintiff fails to state a cognizable claim against Freddie Mac for at least two reasons.

First, Plaintiff fails to provide Freddie Mac with adequate notice of the claims against it. The only information Plaintiff provides about the credit report Freddie Mac allegedly received is that "[i]n January 2012, Plaintiff discovered that Trans Union had furnished his consumer reports to" various entities, including "Fannie Mae [sic]." Compl. ¶ 30. Plaintiff offers no description of when Trans Union allegedly furnished the report or why. The Complaint fails to allege sufficient information for Freddie Mac to determine if or when it allegedly received the credit

report about which Plaintiff complains, let alone how or for what purpose.[3] *See Twombly*, 550 U.S. at 555 (a plaintiff is required to allege sufficient facts that will give the defendant "fair notice of what the...claim is and the grounds upon which it rests.")

Second, Plaintiff fails to allege necessary elements for a §1681b(f) claim, which requires a showing that Freddie Mac "willfully" or "negligently" violated FCRA. *Ausherman*, 352 F.3d at 900. "To prove willfulness under [FCRA], [a] plaintiff [must allege facts] that [establish] defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Ausherman v. Bank of Corp.*, 352 F.3d 896, 900 (4th Cir. 2003) (citing 15 U.S.C. §§ 1681n and 1681o). Far from alleging that Freddie Mac willfully or negligently committed any act, Plaintiff alleges only that Freddie Mac received the purported credit report *as furnished by Trans Union*. Compl. ¶ 30. This sole "factual" allegation against Freddie Mac does not establish a plausible basis to believe that Freddie Mac willfully or negligently violated the FCRA. *See Cappetta v. GC Services, Ltd. Partnership*, 654 F.Supp.2d 453, 461 (E.D. Va. 2009) (in order to survive a motion to dismiss, plaintiff must allege "with sufficient factual support, that Defendant either willfully or negligently obtained her credit report without having a legitimate business purpose for doing so."); *see also Hinton v. Trans Union, LLC*, 654 F.Supp. 440, 449 (E.D.Va. 2009) (granting motion to dismiss pro se party's FCRA claim based on nothing more than conclusory allegations that defendants obtained his credit report for "impermissible purpose" and "without his consent"). Plaintiff relies on mere conclusory allegations that Freddie Mac violated Section 1681b(f) when it allegedly obtained his credit

---

[3] Freddie Mac is in the business of purchasing loans in the secondary market. Although it is impossible to determine from the Complaint whether, when, or for what purpose Freddie Mac might have received the credit report about which Plaintiff complains, Freddie Mac routinely obtains and uses credit reports for any number of permissible purposes.

report allegedly without a permissible purpose. Compl. ¶ 40. Such conclusory allegations do not satisfy the pleading requirements necessary to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Plaintiff has failed to plead any cognizable FCRA claim against Freddie Mac.[4]

### B. Freddie Mac is Not Subject to Punitive Damages.

The Court should strike Plaintiff's request for punitive damages against Freddie Mac because Freddie Mac is not subject to punitive damages. Freddie Mac is a Congressionally chartered enterprise with a legislative mandate to promote national housing policy. Congress created Freddie Mac to purchase mortgages in the secondary mortgage market. *See* 12 U.S.C. § 1451(b).

As a matter of law, federal instrumentalities like Freddie Mac are immune from punitive damages. *See Painter v. Tennessee Valley Auth.*, 476 F.2d 943, 944 (5th Cir. 1973) (absent Congressional enactment to the contrary, federal instrumentalities are immune from claims of punitive damages). Indeed, courts have expressly concluded that Freddie Mac is not subject to punitive damages. *See Paley v. FHLMC*, 1994 WL 327659 (E.D. Pa. 1994) (granting a motion to strike punitive damages allegations from the complaint against Freddie Mac); *see also*

---

[4] Likewise, even if Freddie Mac received the report, Plaintiff does not allege how Freddie Mac caused him any harm. *Twombly* is clear that Mr. Lopez must allege facts that establish Freddie Mac willfully violated FCRA and how he has been harmed. Moreover, the Court should dismiss Plaintiff's Complaint because it engages in a "shotgun pleading" approach that fails to notify Defendants which alleged facts support which counts. "Because such pleadings require the Court to sift through each paragraph of a complaint as to any allegation that might pertain to subsequent counts, so called shotgun pleading 'divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.'" *See Jackson v. Olsen, et al.*, 2010 WL 724023, at *6 n. 5 (E.D. Va. March 1, 2010) (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).

*American Bankers Mortgage Corp. v. FHLMC*, 75 F.3d 1401, 1406-07 (9th Cir. 1996).[5]

Accordingly, the Court should strike Plaintiff's claim for punitive damages.

## V. CONCLUSION

Wherefore, Defendant Federal Home Loan Mortgage Corporation requests that the Court grants its Motion to Dismiss and dismiss all of Plaintiff's claims with prejudice, strike Plaintiff's claim for punitive damages, and grant it such further relief as is just and proper.

FEDERAL HOME LOAN MORTGAGE
CORPORATION

By Counsel

/s/ Stephen T. Fowler
Stephen T. Fowler (VSB No. 44071)
Mark E. Shaffer (VSB No. 75407)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
sfowler@reedsmith.com
mshaffer@reedsmith.com

*Counsel for Defendant, Federal Home Loan Mortgage Corporation*

---

[5] *See also Rust v. Johnson*, 597 F.2d 174, 177-78 (9th Cir. 1979) (concluding that Fannie Mae is a federal instrumentality for purposes of the supremacy clause); *Paslowski v. Standard Mortgage Corp.*, 129 F. Supp. 2d 793, 800 (W.D. Pa. 2000) (holding that the Merrill doctrine applied to the Freddie Mac based on its public mission, the court noted that "[t]he congressional purposes for Freddie Mac are clearly designed to serve the public by increasing the availability of mortgages on housing for low-and-moderate-income families and by promoting nationwide access to mortgages." ') (quoting *American Bankers Mortgage Corp.*, 75 F.3d at 1406-07); *see also Alam v. Fannie Mae*, et al., 2007 WL 703814 * 4 (S.D. Tex. March 2, 2007) (*citing* Court's Order of September 29, 2005 finding that "Fannie Mae was exempt from punitive damages due to its status as a federal instrumentality").

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2012, a true and correct copy of the foregoing was filed through CM/ECF:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
(757) 930-3660
(757) 930-3662 (Fax)
lenbennett@cox.net
*Counsel for Plaintiff, Alejandro Abraham Mr. Lopez, Jr.*

Andrew Joseph Guzzo, Esq.
Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 541-9205 (Fax)
aguzzo@siplfirm.com
kkelly@siplfirm.com
*Counsel for Plaintiff, Alejandro Abraham Mr. Lopez, Jr.*

Michael Robert Ward, Esq.
Morris & Morris PC
11 South 12th Street
5th Floor
P.O. Box 30
Richmond, Virginia 23218
(804) 344-8300
(804) 344-8359 (Fax)
mward@morrismorris.com
*Counsel for Defendant, TransUnion, LLC*

David Neal Anthony, Esq.
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23219
(804) 697-5410
(804) 698-5118 (Fax)
david.anthony@troutmansanders.com
*Counsel for Defendant, Experian Information Solutions, Inc.*

John Willard Montgomery, Jr.
Montgomery & Simpson LLLP
2116 Dabney Road
Suite A-1
Richmond, Virginia  23230
(804) 355-8744
(804) 355-8748 (Fax)
jmontgomery@jwm-law.com
*Counsel for Defendant, Equifax
Information Services, LLC*

Jeffrey Thomas Martin, Jr., Esq.
Henry & O'Donnell PC
300 N. Washington Street
Suite 204
Alexandria, Virginia  22314
(703) 548-2100
(703) 548-2105
jtm@henrylaw.com
*Counsel for Defendant, Gateway
Funding Diversified Mortgage Services, LP*

Anand Vijay Ramana, Esq.
McGuire Woods LLP
2100 K Street, N.W.
Suite 400
Washington, D.C.  20006-1040
(202) 857-1734
(202) 828-2973
aramana@mcguirewoods.com
*Counsel for Defendants, FIA Card Services,
N.A. and Bank of America, National
Association*

D. Margeaux Thomas
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia  22102
(703) 903-9000
(703) 610-8686
mthomas@milesstockbridge.com
*Counsel for Discover Products Inc.
misnamed in complaint as Discover
Financial Services, Inc.*

Daniel Duane Mauler, Esq.
Redmon Peyton & Braswell LLP
510 King Street
Suite 301
Alexandria, Virginia  22314
(703) 684-2000
(703) 684-5109
dmauler@rpb-law.com
*Counsel for Defendant, Corelogic Credco*

Rebecca Signer Roche, Esq.
Littler Mendelson PC
1650 Tysons Boulevard
Suite 700
McLean, Virginia  22102
(703) 286-3142
(703) 442-8428
rroche@littler.com
*Counsel for Defendant, Kroll Factual Data*

J. Douglas Cuthbertson
LECLAIR RYAN, a Professional
Corporation
2318 Mill Road
Suite 1100
Alexandria, Virginia  22314
(703) 647-5925
(703) 647-5975
douglas.cuthbertson@leclairryan.com
*Counsel for MetLife Home Loans, a Division
of MetLife Bank, N.A.*

/s/ Mark E. Shaffer
Mark E. Shaffer (VSB No. 75407)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4253
Facsimile: (703) 641-4340
mshaffer@reedsmith.com
*Counsel for Defendant, Federal Home Loan Mortgage Corporation*