IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| ALEJANDRO LOPEZ SR.,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC.<br>et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:12-cv-1325-LO/JFA<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF SHIRLEY BIAGIOLI

1. COMES NOW, Shirley Biagioli, pursuant to 28 U.S.C. § 1746 (2012), and states as follows: I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2013.

2. I am over the age of 18 and competent to testify as a witness in this case.

3. I am the Supervisor of the Credit Reporting Department of United One Resources, Inc. (hereinafter "United One"). I have been employed by United One since February 18, 1989.

4. On December 10, 2012, United One's client, Monarch Mortgage (hereinafter "Monarch"), placed an order for a tri-merge credit report concerning two consumers identified as Alejandro Abraham Lopez and Marcella Diaz Hernandez. Monarch, from the terminals located at their bank, entered the consumer data (set forth below) through their "Encompass" interface system, which information included the following: the consumers' first, middle and last names, their address, birth dates and the Social Security numbers – xxx-xx-6362 for Mr. Lopez, and the Social Security number xxx-xx-7513 for Ms. Hernandez.



EXHIBIT 11

5. Subsequent to Monarch's order, the three bureaus (Equifax, Experian and Trans Union) responded to the order by providing United One with a credit history containing information relative to Mr. Lopez and Ms. Hernandez. The Bureaus merge the data and information into one tri-merged report and this information is sent to United One's system through Meridian Link software/vendor. All reports prepared by United One are based upon the exact same information submitted to it by Equifax, Experian and Trans Union. This exchange of information is performed by a system operation, not manually. After receipt of the information from the Bureaus, United One forwarded this data and information to the customer – Monarch in the present case.

6. On February 6, 2012, Monarch requested additional information on both consumers, in an attempt to verify whether a mortgage belonged to them. On the same day, United One independently verified that the mortgage (as reported only by Trans Union) was not that of the consumers' and United One updated the report and added a comment that this account (mortgage) did not belong to the consumers, and then forwarded the report back to Monarch.

7. On February 16, 2012, Monarch requested additional information on the balance owed on a mortgage that did belong to the consumers and as reported by the three Bureaus, and on that same day United One verified the updated balance as reported due on the mortgage, and sent the updated report to Monarch.

AND FURTHER THE DECLARANT SAYETH NOT.

2-13-13
DATE

Shirley Biagioli