IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALEJANDRO ABRAHAM LOPEZ, JR., <br> ALEJANDRO LOPEZ, SR. <br>    *For themselves and on behalf of* <br>    *all similarly situated individuals,* <br> v. <br> TRANS UNION, LLC <br>    *Defendant*. | CIVIL ACTION NO. <br> 1:12-cv-00902 -LO-JFA <br> (Consolidated with 1:12-cv-1235) |

## DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS COMPLAINT

Trans Union LLC ("Trans Union"), by counsel, files its Answer and Defenses to the Consolidated Amended Class Complaint ("Complaint") filed by Alejandro A. Lopez, Jr. ("Lopez, Jr."), and Alejandro A. Lopez, Sr. ("Lopez, Sr."), (collectively the "Plaintiffs"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiffs' Complaint to the extent possible.

### PRELIMINARY STATEMENT

1. Trans Union admits that Plaintiffs brings this action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"). Trans Union denies any liability to Plaintiffs, and further denies that it violated the FCRA.

2. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(c). Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Trans Union denies the allegations contained in paragraph 3 of the Complaint.

4. Trans Union admits that Plaintiffs allege individual claims against Trans Union under the FCRA, 15 U.S.C. §§ 1681e(b) and 1681i. Trans Union denies any liability to

Plaintiffs, and further denies that it violated the FCRA. Trans Union denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Trans Union admits that Plaintiffs allege a class claim against Trans Union pursuant to 15 U.S.C. § 1681b. Trans Union denies any liability to Plaintiffs or the putative class members, and further denies that it violated the FCRA. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

## JURISDICTION

6. Trans Union admits jurisdiction and venue are appropriate in this court, and that it maintains a registered agent within the boundaries of the Eastern District of Virginia. Trans Union is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs live and reside within this District and Division and, therefore, denies same. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

## PARTIES

7. Trans Union admits that Plaintiffs are a "consumers" as defined by the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. Trans Union admits the allegations contained in paragraph 8.

9. Trans Union admits the allegations contained in paragraph 9.

10. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with third parties for monetary compensation.

## FACTS

### Facts Regarding Alejandro Abraham Lopez, Jr.

11. Trans Union admits that on July 20, 2010, Lopez, Jr. requested and was sent a copy of a Trans Union credit disclosure. Trans Union admits that the July 20, 2010, credit

disclosure reported the following personal indentifying information: (1) Name: Alejandro Abraham Lopez Jr.; (2) Date of Birth: xx/1953; (3) SSN: xxx-xx-6362; and (4) Current Address: Arlington, Virginia. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union admits that on July 20, 2010, Lopez, Jr. contacted Trans Union via telephone and disputed certain identifying information, along with several accounts. Trans Union initiated a reinvestigation into each account. Trans Union admits that MetLife verified account #...8408 as being accurately reported. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union admits that on August 18, 2010, Lopez, Jr. contacted Trans Union via telephone and disputed MetLife account #...8408. Trans Union admits that it forwarded the results of its investigation to Lopez, Jr. on September 4, 2010, and that the MetLife account #...8408 was deleted from the Trans Union credit report. Trans Union denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union admits that on January 19, 2012, Lopez, Jr. requested and was sent a copy of a Trans Union credit disclosure. Trans Union admits that the following accounts were reporting on the January 19, 2012, credit disclosure: (1) Wells Fargo Home Mortgage; (2) Capital One, N.A.; and (3) Citicards CBNA. Trans Union is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and, therefore, denies same.

16. Trans Union admits that the following entities were listed on the credit report provided to Lopez, Jr. on January 19, 2012: MetLife via Total Credit Services, SouthStar Mortgage via Credco, The Home Depot-Citi NA, Sears/CBNA, Capital One, NA, Federal Home Loan Mortgage, FIA CSNA, Discover Financial Services LLC, and 3905 Gateway Funding via Factual Data-National.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and, therefore, denies same.

17. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union admits that it received a letter dated June 7, 2012, from Lopez, Jr. on June 11, 2012.  Trans Union admits the remaining allegations contained in paragraph 19 of the Complaint.

20. Trans Union denies the allegations contained in paragraph 20 of the Complaint.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

**Facts Regarding Alejandro Lopez, Sr.**

23.     Trans Union admits that on February 1, 2012, Lopez, Sr. requested and obtained a copy of a Trans Union credit disclosure via the internet. Trans Union admits that the February 1, 2012, credit disclosure reported the following personal indentifying information: (1) Name: Alejandro Abraham Lopez Jr.; (2) Date of Birth: xx/xx/1983; (3) Current Address: Woodbridge, Virginia; and (4) Employer: Lindsay Cadillac.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Trans Union admits that the following entities were listed on the credit report provided to Lopez, Sr. on February 1, 2012: GECRB, SouthStar Mortgage via Credco; The Hartford/Lexis Nexis, Unitrin Direct, and Sterling Jewelers/Cred.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, therefore, denies same.

25.     Trans Union admits it received correspondence from Lopez, Sr. dated February 1, 2012, on February 6, 2012, disputing certain identifying information appearing on a Trans Union's credit report and six credit accounts as not belonging to him. Trans Union admits it updated Lopez, Sr.'s identifying information and initiated a reinvestigation into each disputed account.  Trans Union admits that it forwarded the results of the reinvestigation to Lopez, Sr on March 1, 2012.  Trans Union admits that the following information was reported on the reinvestigation results: (1) Name: Alejandro Abraham Lopez, Jr.; and (2) Date of Birth: x/xx/1983.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and, therefore, denies the same.

27. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

### Co-Defendant Declarations Establish that Trans Union Unlawfully Furnished Reports

30. Trans Union admits that Plaintiffs attached declarations to their Complaint from the following entities who represented that they requested a credit report for Lopez, Sr.: (1) Discovery Bank; (2) Federal Home Loan Mortgage Corporation; (3) MetLife Home Loans; (4) FIA Card Services, N.A.; (5) Capital One Services, LLC; (6) Kroll Factual Data, Inc.; (7) Corelogic Credco, LLC; and (8) SouthStar Mortgage, LLC.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, and, therefore, denies the same.

30(a). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of William Blayney.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(a) of the Complaint, and, therefore, denies the same.

30(b). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of David Owens.  Trans Union is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 30(b) of the Complaint, and, therefore, denies the same.

30(c). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Dale Walker. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(c) of the Complaint, and, therefore, denies the same.

30(d). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Larry A. Parrott. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(d) of the Complaint, and, therefore, denies the same.

30(e). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Richard Napolitano. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(e) of the Complaint, and, therefore, denies the same.

30(f). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Shawn Ekblad. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(f) of the Complaint, and, therefore, denies the same.

30(g). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Angela Barnard. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(g) of the Complaint, and, therefore, denies the same.

30(h). Trans Union admits only that Plaintiffs have accurately quoted the letter from Carlos Banegas. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30(h) of the Complaint, and, therefore, denies the same.

31. Trans Union admits that Plaintiffs attached declarations to their Complaint from the following entities who represented that they requested a credit report for Lopez, Jr.: (1) Sterling Jewelers; (2) LandSafe Closing Services; (3) United One Resources; and (4) Wells Fargo. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint, and, therefore, denies the same.

31(a). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Joe Ott. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31(a) of the Complaint, and, therefore, denies the same.

31(b). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Janet A. Binongcal. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31(b) of the Complaint, and, therefore, denies the same.

31(c). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Shirley Biagioli. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31(c) of the Complaint, and, therefore, denies the same.

31(d). Trans Union admits only that Plaintiffs have accurately quoted the Declaration of Maria S. Reeves. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31(d) of the Complaint, and, therefore, denies the same.

### Trans Union's Double Standard and Willful Misconduct

32. Trans Union admits that the Plaintiffs have similar names. Trans Union admits that the Plaintiffs have different generational suffixes, dates of birth, and social security numbers. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' residences contained in paragraph 32 of the Complaint, and, therefore, denies the same. Trans Union denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Trans Union admits it may, under some circumstances, furnish a report based on name and address. Trans Union admits that it may request that consumers submit proper identification before Trans Union provides a disclosure. Trans Union denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union admits that it was a defendant in an action filed by 17 attorneys general in 1992. Trans Union admits that Exhibit 13 is a copy of the October 26, 1992, Consent Order and that Plaintiffs have accurately quoted the Consent Order. Trans Union denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Trans Union admits only that the attached deposition excerpts from Lynn Romanowski are accurately quoted. Trans Union denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union admits only that Plaintiffs accurately quoted the United States District Court for the Eastern District of Pennsylvania. Trans Union denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Trans Union admits only that Plaintiffs accurately quoted United States District Court Judge Payne. Trans Union denies the remaining allegations contained in paragraph 41 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681b
### CLASS ACTION

42. Trans Union restates and incorporates its responses to paragraphs 1 – 41 above as though fully stated herein.

43. Trans Union admits that Plaintiffs' Complaint purports to assert claims on behalf of Plaintiffs and a class of other consumers, but Trans Union denies that this matter may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23. Trans Union denies the remaining allegations contained in paragraph 43 of the Complaint.

44. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of consumers Plaintiffs' counsel has represented and, therefore, denies same. Trans Union denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Trans Union denies the allegations contained in paragraph 45 of the Complaint, including subparts (a) through (f).

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 49 of the Complaint.

50. Trans Union denies the allegations contained in paragraph 50 of the Complaint.

51. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 51 of the Complaint.

52. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 52 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(a)**
**CLASS CLAIM**

53. Trans Union restates and incorporates its responses to paragraphs 1 – 52 above as though fully stated herein.

54. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 55 of the Complaint.

56. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 56 of the Complaint.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### INDIVIDUAL CLAIM

57. Trans Union restates and incorporates its responses to paragraphs 1 – 56 above as though fully stated herein.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 60 of the Complaint.

61. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 61 of the Complaint.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### § 15 U.S.C. § 1681i(a)
### INDIVIDUAL CLAIM

62. Trans Union restates and incorporates its responses to paragraphs 1 – 61 above as though fully stated herein.

63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

65. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 65 of the Complaint.

66. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 66 of the Complaint.

67. Trans Union denies the allegations contained in paragraph 67 of the Complaint.

68. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 68 of the Complaint.

69. Trans Union denies the allegations and relief sought by Plaintiffs in paragraph 69 of the Complaint.

70. Trans Union denies the relief sought in the prayer paragraph, including all subparts, of the Complaint.

71. Trans Union admits that Plaintiffs demand a trial by jury.

## **DEFENSES**

72. Plaintiffs have failed to state a claim against Trans Union upon which relief can be granted.

73. Plaintiffs, and/or any person they purport to represent, lack standing to assert the claims asserted in this action against Trans Union.

74. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiffs and any putative class member in preparing consumer reports.

75. Trans Union alleges that any purported damages allegedly suffered by Plaintiffs and putative class member, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiffs or third parties, over whom Trans Union has no control or responsibility.

76. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiffs.

77. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

78. Some or all of the claims brought by Plaintiffs or any putative class member against Trans Union are barred by the applicable statute of limitations.

79. Plaintiffs failed to mitigate their alleged damages.

80. Plaintiffs' claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws and Constitution of the Commonwealth of Virginia.

81. Any purported damages allegedly suffered by Plaintiffs or any putative class member, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

82. Any claim for injunctive relief brought by Plaintiffs or any putative class member is not authorized, provided for, or allowed under the FCRA.

83. In the event that a settlement is reached between Plaintiffs or any putative class member and any other person or entity, Trans Union is entitled to any settlement credits permitted by law.

84. Trans Union alleges that this action may not properly proceed as a class action under Fed. R. Civ. P. 23 because, among other reasons, Plaintiffs' claim is not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting putative class members; a class action is not superior to other methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of the putative class members; the named Plaintiffs and their counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

85. The conduct about which Plaintiffs complain is speech protected by the First Amendment to the United States Constitution.

86. Maintenance of this action as a class action is impermissible to the extent that it would violate Trans Union's right to confront witnesses against it as provided in the Sixth Amendment to the United States Constitution.

87. Trans Union reserves the right to assert such other and further affirmative defenses as may be appropriate through the course of the litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiffs' Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/ Grant E. Kronenberg
Michael R. Ward
Virginia bar number 41133
Grant E. Kronenberg
Virginia bar number 65647
Attorneys for Trans Union LLC
Morris & Morris, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: (804) 344-8300
Facsimile: (804) 344-8359
mward@morrismorris.com
gkronenberg@morrismorris.com
*And*
Paul L. Myers, ***Pro Hac Vice***
Texas Bar Number 14765100
Attorney for Trans Union LLC
Strasburger & Price LLP
2801 Network Blvd., Suite 600
Frisco, TX 75082
Telephone: (469) 287-3903
Facsimile:  (469) 227-6567
paul.myers@strasburger.com

DATED: March 22, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

*Counsel for Plaintiffs Alejandro A. Lopez, Jr. and Alejandro A. Lopez, Sr.,*
*for themselves and on behalf of all similarly situated individuals:*

| Leonard Anthony Bennett | Matthew J. Erausquin | Kristi Cahoon Kelly |
|---|---|---|
| lenbennett@cox.net | matt@clalegal.com | kkelly@siplfirm.com |
| Susan M. Rotkis | Janelle Elene Mason | Andrew J. Guzzo |
| srotkis@clalegal.com | janelle@clalegal.com | aguzzo@siplfirm.com |
| Consumer Litigation Assoc PC | Casey Shannon Nash | Surovell, Isaacs, Petersen |
| 763 J Clyde Morris Blvd, Ste 1A | casey@clalegal.com | & Levy, PLC |
| Newport News, VA 23601 | Consumer Litigation Assoc PC | 4010 University Dr., Ste 200 |
| 757-930-3660 | 1800 Diagonal Road, Ste 600 | Fairfax, VA 22030 |
| 757-930-3662 Fax | Alexandria, VA 22314 | (703) 251-5400 |
|  | (703) 273-6080 | (703) 591-9285 Fax |
|  | (888) 892-3512 Fax |  |

I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user: None.

/s/
Grant E. Kronenberg
Virginia bar number 65647
Attorney for Trans Union LLC
Morris & Morris, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Telephone: (804) 344-8300
Facsimile: (804) 344-8359
gkronenberg@morrismorris.com