UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALEJANDRO ABRAHAM LOPEZ, JR.,
*Individually and on behalf of all*
*Similarly situated individuals,*

        Plaintiff,

v.                                CIVIL NO. 1:12-cv-902

TRANS UNION, LLC.,

        Defendant.

ALEJANDRO LOPEZ, SR.,
*Individually and on behalf of all*
*Similarly situated individuals,*

        Plaintiff,

v.                               CIVIL NO. 1:12-cv-1325

TRANS UNION, LLC.,

        Defendant.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

COME NOW the Plaintiffs, by counsel, and for their Memorandum in Opposition to Defendant's Motion for Protective Order, they state as follows:

**ARGUMENT**

**A. DEFENDANT IS NOT ENTITLED TO A MULTI-STEP, TIME CONSUMING PROCESS TO ASSERT DISCOVERY OBJECTIONS.**

*Defendant has asserted objections to every single Interrogatory and Request for Production served* by the Plaintiffs. It has objected using the tired and rejected litany of "vague"

and "ambiguous" and "overbroad and unduly burdensome" to every Interrogatory and most document requests, whether a contention request or one asking for the identity of witnesses. TransUnion has made general objections, as well as objected to standard definitions of "you" and "yours", as well as "document" and "identify. And of course, it has objected based on work product and attorney-client privilege.

In the present Motion, TransUnion now asks the Court to suspend the application of Fed. R. Civ. P. 26(b)(5). Even more surprising, TransUnion asks for relief from the very Scheduling Order IT NEGOTIATED and requested in this case which expressly adopts Rule 26(b)(5). Docket No. 91, at ¶7. It asks that Defendant be relieved of an ordinary and established requirement that it serve a compliant privilege log if it intends to assert a privilege objection so that it may first hide behind its insubstantial, but numerously written non-privilege objections.

The Court should not countenance such gamesmanship or litigation delay and disruption. This is particularly in a case as this one in which it is arguing that its legal understanding – certainly necessarily based on advice of counsel – could immunize it from a claim that its conduct willfully violated the Fair Credit Reporting Act, (FCRA), 15 U.S.C. § 1681 et seq.

Based on an interpretation – albeit incorrect – of a Rule 26 committee note, Defendant asserts an entitlement to a bifurcated objection process deferring Rule 26(b)(5) compliance until after formal litigation and an order overruling their other objections. There is of course nothing in Rule 26(b)(5) that supports this position in the context of ordinary discovery. Fed. R.Civ. P. 26, Committee Notes 1993 Amendments. 146 F.R.D. 401, 146 F.R.D. 401, 639. Further, this District, including this Court, has uniformly held that a privilege log be served contemporaneously with the related objections. The Eastern District of Virginia, the "Rocket Docket", depends upon a predictable and orderly flow of litigation. Discovery objections are

strictly timed to precede substantive responses.  Local Civ. R. 26(C).  This Court, as with several other District Judges in the Eastern District, expressly requires a formal privilege log and such requirement was agreed in the proposed scheduling order.  Dkt No. 91. Yet Defendant suggests the Court vary these established norms based upon its complaint that such objection process is for it to burdensome or unreasonable.  First, Defendants ask the Court to adopt the minority and alternate conclusion of the District Court for the District of Columbia in *United States v. Phillip Morris, Inc.,* 347 F.3d 951, 954 (D.C.Cir.2003).   That Circuit is the only one in the nation known to counsel to have permitted the two-stage process Defendant advocates.  Not one court in the Fourth Circuit has adopted such reasoning and those that have considered *Phillip Morris* have declined to adopt its novel view. As the District Court for the Northern District of West Virginia concluded, to adopt Defendant's view that the application of Rule 26(b)9%) be made on a case by case, Judge by judge basis would be a disaster:

> This Court agrees with those courts holding patently insufficiently assertions of privilege result in waiver. If a party is free to disregard, or even claim ignorance of the Rules, there is no reason to have the Rules. The rule of law either is, or is not, the rule of law. Failure to require adherence leads to the rule of the particular judge. As noted above, Defendant's assertions of privilege were plainly insufficient. Therefore, Defendant waived any attorney client privilege or work product protection it had.

*Twigg v. Pilgrim's Pride Corporation*, 3:05-CV-40, 2007 WL 676208, *26 (N.D.W.Va. Mar. 1, 2007); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222-23 (N.D.W. Va. 2007).

Further, even the D.C. Circuit's minority rule would not shelter Defendants' claims of privilege.  Such rule does not adopt the two-stage objection process demanded by Defendants.  Rather, the existence of an over breadth or burdensomeness objection is  simply a factor in determining whether or not the privilege is deemed waived.  In the D.C. Circuit, unlike in this District, such waiver is not automatic.  The D.C. Circuit explained:


> On the other hand, if the court determines that the objection does not cover the allegedly privileged document, or that the objection was not made in good faith as Rule 26(g) requires (Fed.R.Civ.P. 26(g)), the court may then decide whether the party should be deemed to have waived the privilege. Waiver is not automatic, particularly if the party reasonably believed that its objections applied to the document.

*United States v. Philip Morris Inc.*, 347 F.3d at 954.

Defendant's failure to prosecute its objections by affirmative motion also renders the two-stage rule inapposite. Defendant did not actively assert its objections, which remain the tedious task and responsibility of Plaintiffs now engaged in an attempt to meet and confer as to same. Instead, TransUnion merely served its boilerplate pleadings and did nothing more. Plaintiffs are left to force the issue. In this context such objections are intended to serve as active protections, not passive ones. As even the District Court for the District of Columbia has held in a comparable case:

> Finally, SSA can take no comfort in the decision of *United States v. Philip Morris Inc.,* 347 F.3d 951 (D.C.Cir.2003). SSA claims the decision stands for the proposition that a party is relieved of any obligation to produce a privilege log until its objections to a request to produce documents are resolved. In that case, the trial judge had enforced a waiver of a privilege against a party who had asserted colorable objections to the production of documents in addition to arguing that they were privileged. The court of appeals concluded that the trial judge had erred in failing to resolve those objections before concluding that the privilege was to be deemed waived, or to use a more accurate word, forfeited. That case, if anything, militates in favor of sanctions. Unlike the party in that case, who pressed its objections before complying with the obligation to produce a privilege log, SSA never insisted that this court rule on its objections before they could be obliged to file the privilege log. If anything, that case should encourage parties to press their objections aggressively and insist they be resolved before they are obliged by the court to produce a privilege log. In this case, SSA did the converse; it never pressed its objections and assured its opponent that it would produce a privilege log. SSA's newly founded reliance on the rationale of the *Philip Morris* decision hardly justifies its escaping the consequences of its original failure to bring its objections to the court and seek protection from having to file a privilege log until those objections were ruled upon.

*Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 117 (D.D.C. 2005) *subsequently dismissed sub nom. Banks v. Office of Senate Sergeant-At- Arms &*

*Doorkeeper of U.S. Senate*, 471 F.3d 1341 (D.C. Cir. 2006).

    **B.    DEFENDANT HAS NOT ADEQUATELY OR PROPERLY COMPLIED WITH LOCAL RULE 37.**

In addition to the substantive failures of Defendant's argument, the Motion should as well be denied because of TransUnion's failure to adequate and substantively comply with Local Rule 37's meet and confer requirement. While Defendant's counsel did ask if the Parties could comply with Federal Rule 26(b)(5) be merely stating a generalized category of document or information, the present motion for a Protective Order and the specific details of information Defendant would seek to shield from a log were not discussed. And certainly none of the merits of Defendant's actual privilege objections 9or any one in particular or in general) was discussed.

Certainly burdens of timing (15 days versus 30 days for objections) and other process matters have been productively raised and negotiated in this case, as in nearly all cases lead by present plaintiffs' counsel. And TransUnion's burden could of course be met with more time. And yet none of this was raised, suggested or even apparently considered. Because Defendant has filed the present motion without such a meaningful meet and confer process, its motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order should be denied.

    Respectfully submitted,

    **ALEJANDRO ABRAHAM LOPEZ, JR.,** *et al.,*
    *on behalf of themselves and all others similarly situated*

    By: _____/s/_____
    Leonard A. Bennett, Esq.
    VSB #37523

Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of May, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Grant E. Kronenberg
Michael Robert Ward
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
E-mail: gkronenberg@morrismorris.com
Email: mward@morrismorris.com

Paul Lee Myers
Strasburger & Price, LLP
2801 Network Boulevard
Suite 600
Frisco, TX 75034
E-mail:  paul.myers@strasburger.com

Stephen Newman
Strook, Strook & Lavan, LLP
2029 Century Park East
Suite 1600
Los Angeles, CA 90067-3086
E-mail:  snewman@strook.com

             /s/
         Leonard A. Bennett, Esq.
         VSB #37523
         Attorney for Plaintiff
         CONSUMER LITIGATION ASSOCIATES, P.C.
         763 J. Clyde Morris Boulevard, Suite 1-A
         Newport News, Virginia 23601
         (757) 930-3660 - Telephone
         (757) 930-3662 – Facsimile
         E-mail:  lenbennett@clalegal.com